IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| US HF CELLULAR COMMUNICATIONS, LLC, VIRSENET, LLC, SHIPCOM, LLC, and GLOBAL WIDEBAND HR NET LLC, | : : : : | |
| Plaintiffs, | : : | Case No. _____ |
| v. | : : | Judge _____ |
| SCOTTSDALE INSURANCE COMPANY, | : : | |
| Defendant. | : : : | JURY DEMAND ENDORSED HEREON |

## COMPLAINT

Plaintiffs US HF Cellular Communications, LLC ("USHFCC"), Virsenet, LLC ("Virsenet), ShipCom, LLC ("ShipCom"), and Global Wideband HF Net, LLC ("Global"), file this Complaint as follows:

## GENERAL NATURE OF CONTROVERSY

This is a breach of contract case arising out of Defendant's bad faith denial of insurance coverage for a lawsuit brought in Alabama against the Plaintiffs, their officers, and their directors. Plaintiffs also seek declaratory relief that Defendant waived or is estopped to rely on any rights granted it by the policies, including any right to consent to a settlement or to direct the defense of the Alabama litigation.

## THE PARTIES

1.     Plaintiff USHFCC is a Delaware limited liability company and part owner of ShipCom.

2.     Plaintiff Virsenet is a Delaware limited liability company and the owner of USHFCC.

3.     Plaintiff ShipCom is an Alabama limited liability company.

4.     Plaintiff Global is a Delaware limited liability company.

5.      None of the members of USHFCC, Virsenet, ShipCom, or Global are citizens of the States of Ohio or Arizona.

6.      Defendant Scottsdale Insurance Company ("Scottsdale") is a corporation formed under Ohio law with its principal place of business in Arizona.  It insured the Defendants, their officers, and directors.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. Section 1332(a) because this is a dispute between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Venue is proper within this judicial district under 28 U.S.C. Section 1391(1) of Title 28 of the United States Code because Scottsdale Insurance Company resides in this judicial district.

## FACTUAL BACKGROUND

**A.      The Ever Changing Alabama Lawsuit.**

9.      ShipCom operates a maritime communications network that facilitates ship-to-ship and ship-to-shore communications using a spectrum of high frequency radio waves.

10.      USHFCC purchased an 80% share of ShipCom in February 2012.  The other shareholders of ShipCom, Rene Stiegler and Robert S. Block, individually and as a trustee, own the rest of ShipCom.  These minority shareholders are the plaintiffs in the Alabama Lawsuit and are referred to hereafter as the "Alabama Plaintiffs."

11.      On May 29, 2015, the Alabama Plaintiffs sued ShipCom, USHFCC, and their then officer and director, Edward Bayuk.  A copy of the original Complaint in the Alabama Lawsuit is attached as Exhibit 1 and incorporated herein by reference.  The Alabama Plaintiffs then embarked on an ever changing legal odyssey, constantly adding parties, facts, and legal theories.  Only those changes giving rise to claims made against Defendants' insureds are detailed here.

12.    On November 24, 2015, the Alabama Plaintiffs added Jon Richmond to the lawsuit as a defendant.  Mr. Richmond was then and is now an officer of ShipCom, USHFCC and Global.  A copy of the Second Amended Complaint adding Mr. Richmond is attached as Exhibit 2 and incorporated herein by reference.

13.    On April 4, 2016, the Alabama Plaintiffs added Global to their lawsuit as a defendant.  A copy of the Third Amended Complaint is attached as Exhibit 3 and incorporated herein by reference.

14.    On November 23, 2016, the Alabama Plaintiffs added Joseph M. Jacobs, Arthur Amron, Philip Braunstein, Raymond A. Whiteman as defendants to their lawsuit. Each of these individuals is an officer or director of one or more of the Plaintiffs.  A copy of the Fourth Amended Complaint adding these individuals is attached as Exhibit 4 and incorporated herein by reference.

**B.    Scottsdale's Deceptive Marketing Scheme to Sell Seamless Coverage to USHFCC.**

15.    Scottsdale issued Business and Management Indemnity Policy Number EKS3107211 to USHFCC, LLC for the July 31, 2013 to July 31, 2014 policy period (the July 2013 Policy").  A copy of the July 2013 Policy is attached as Exhibit 5.

16.    USHFCC thereafter renewed coverage with Scottsdale for the July 21, 2014 to July 31, 2015 policy period (the "July 2014 Policy") and the July 31, 2015 to July 31, 2016 policy period (the "July 2015 Policy") (the "USHFCC Policies").  A copy of the July 2014 Policy is attached as Exhibit 6 and a copy of the July 2015 Policy is attached as Exhibit 7.

17.    When USHFCC purchased the July 2013 Policy from Scottsdale, USHFCC submitted an insurance application.  Among the questions asked by the insurance application was "[w]ithin the last three years, has any person or entity proposed for this insurance been the subject of or involved in any litigation, administrative proceeding, demand letter or formal or informal government investigation or inquiry…"  A copy of the initial Application for the July 2013 Policy is attached as Exhibit 8.

18.     When Scottsdale subsequently renewed the July 2013 Policy, Scottsdale declined to ask any questions regarding whether any claims or other litigation had been made during the policy period of the July 2013 Policy.  Likewise, when Scottsdale subsequently renewed the July 2014 Policy, Scottsdale also declined to ask any questions regarding whether any claims or other litigation had been made during the policy period of the July 2014 Policy.  A copy of the renewal application for the July 2014 Policy is attached as Exhibit 9 and a copy of the application for the July 2015 Policy is attached as Exhibit 10.

19.     Once Scottsdale induced the initial purchase of one of its directors and officers insurance policies, Scottsdale deliberately and deceptively offered to renew coverage on a continuous and seamless basis without asking any questions as to whether or not claims or lawsuits had arisen in the prior year.  Scottsdale accomplished this by using an insurance application that omitted any reference to prior claims, and by providing the insured with coverage under the renewal policy with the same Continuity Date as the predecessor policy.  Plaintiffs believe that this deceptive act or practice, as more fully described herein, is a nationwide practice and has been on -going for a number of years.  Scottsdale is what is known in most states as a "non-admitted" or "surplus lines" insurer, which is a legal construct that allows an insurer to avoid regulation by states whose resident consumers actually provide the lions' share of Scottsdale's premium.  The federal government long ago ceded control of the business of insurance to the states, and through the legal construct of surplus lines insurance, a surplus lines insurer can effectively avoid any regulation by any governmental power other than its state of incorporation or in those very few and often sparsely populated states where it is an admitted insurer.  Plaintiffs reserve there right to seek amendment of this Complaint and assert class relief should discovery warrant such an amendment.

20.     There is no legitimate business reason for an insurance company to inquire about prior claims and litigation during the initial sale of a policy, but to then omit those questions during the renewal process.  Rather, the purpose of omitting questions regarding prior claims and litigation on renewal is so the insurance company can secure the premium on the renewal

insurance policy while maximizing the chance that a claim arising during the earlier policy period will not be timely reported.  By communicating to the insured a lack of interest in claims made during the prior policy period, Scottsdale deceives the policyholder into believing that it may report claims during the renewal year when the actual need for coverage arises, as where the expense of defending or settling a claim exceed the deductible or self-insured retention. Scottsdale intends the ambiguity created through the renewal process to result in what is termed a "late reported claim" under the fine print of the expired or renewed policy.  Scottsdale plans to assert this manufactured defense to coverage even though Scottsdale stays on the risk, collects the renewal premium, and is not prejudiced by the so-called late notice.

21.     As detailed below, Scottsdale implemented this scheme in an effort to deny USHFCC coverage when a claim arising during one policy year was reported during the next policy year.

**C.     Scottsdale Sells Global a D&O Insurance Policy.**

22.     Scottsdale also issued Business and Management Indemnity Policy to Global WidebandHF Net LLC for the September 24, 2015 to September 24, 2016 policy period (the "Global Policy").  A copy of the Global Policy is attached as Exhibit 11.

23.     Issuing Global its own policy created new problems for Scottsdale if it were to continue its scheme of collecting premium and denying claims.  When the ever inventive Alabama Plaintiffs kept adding theories and parties, and eventually added Global and its directors, Scottsdale had to become even more creative to deny coverage—first denying coverage to USHFCC even though a claim was reported during a period of continuous, seamless coverage, and then denying coverage to Global and its directors and officers on the expansive and creative theory that all claims were somehow "interrelated," even though the claims involved different companies, different officers and directors, different transactions, and arose at different points of time.

**D.     Correspondence Regarding the Alabama Lawsuit.**

24.     Scottsdale learned of the Alabama Lawsuit no later than January 8, 2016.

25.     On January 26, 2016, Scottsdale wrongfully denied coverage under the USHFCC Policies.  The flagship reason for the denial was late notice.

26.     On October 11, 2016 and November 30, 2016, after Global and its directors and officers were added, Scottsdale was given notice.

27.     On December 8, 2016, Scottsdale wrongfully denied coverage under the Global Policy.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Breach of Contract under the USHFCC Policies)

28.     Plaintiffs incorporate paragraphs 1 through 27 as though set forth in full herein.

29.     For good and valuable consideration, Scottsdale issued the USHFCC Policies. The Insureds under those policies complied with all conditions of the policies.  Alternatively, Scottsdale waived or is estopped from asserting as a defense any condition or covenant of the policies.

30.     The policies unambiguously provide for coverage.  Alternatively, the policies and the related applications are ambiguous as to coverage, and all ambiguities are resolved in favor of coverage as a matter of law.

31.     Scottsdale has breached the policies by failing to honor its terms, causing damages of well over one million dollars.  The damages are on-going.

## SECOND CAUSE OF ACTION

### (Breach of Contract under Global Policy)

32.     Plaintiffs incorporate paragraphs 1 through 31 as though set forth in full herein.

33.     For good and valuable consideration, Scottsdale issued the Global Policy. The Insureds under that policy complied with all conditions of the policies.  Alternatively, Scottsdale waived or is estopped from asserting as a defense any condition or covenant of the policy.

34.     The policy unambiguously provides for coverage.  Alternatively, the policy and the related applications are ambiguous as to coverage, and all ambiguities are resolved in favor of coverage as a matter of law.

35.     Scottsdale has breached the policy by failing to honor its terms, causing damages of well over one million dollars. The damages are on-going.

### THIRD CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

36.     Plaintiffs incorporate paragraphs 1 through 35 as though set forth in full herein.

37.     Every insurance policy contains an implied covenant of good faith and fair dealing.

38.     Scottsdale has breached the implied covenant of good faith and fair dealing by wrongfully, and without reasonable justification, denying coverage to the Plaintiffs under the USHFCC Policies and the Global Policy.  The breach by Scottsdale of the implied covenant of good faith and fair dealing is ongoing and Plaintiffs reserve the right to amend this Complaint as new facts are discovered and/or developed.

39.     Plaintiffs are informed and believe, and thereon allege, that Scottsdale has intentionally and maliciously, as part of a preconceived design, acted so as to deny Plaintiffs their rightful benefits under the Policies.

40.     As a direct and proximate result of the breach of the implied covenant of good faith and fair dealing by Scottsdale, the Plaintiffs have suffered, and will continue to suffer, damage.  The Plaintiffs have been required to defend itself in the Alabama Lawsuit, to initiate and prosecute this action to compel Scottsdale to honor its obligations under the USHFCC Policies and the Global Policy.  As a further direct and proximate cause of Scottsdale's breach of its obligations under the implied covenant of good faith and fair dealing, Scottsdale has suffered general and special damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

41.     Plaintiffs incorporate paragraphs 1 through 40 as though set forth in full herein.

42.     An actual, immediate and justiciable controversy exists between Plaintiffs and Scottsdale in connection with Plaintiffs' rights under the USHFCC Policies and the Global Policy.

43.     Under 28 U.S.C. § 2201, Plaintiffs seek a judicial declaration which provides:

a.      That because of Scottsdale's improper denial of coverage, Scottsdale is not entitled to control the defense of the Alabama Lawsuit;

b.      That because of Scottsdale's improper denial of coverage, Plaintiffs are no longer obligated to cooperate with Scottsdale in the defense or settlement of the Alabama Lawsuit; and

c.      That because of Scottsdale's improper denial of coverage, Plaintiffs are not required to secure Scottsdale's consent before settling the Alabama Lawsuit; and

d.      That because of Scottsdale's improper denial of coverage, Scottsdale is obligated to pay any good faith settlement or judgment in the Alabama Lawsuit.

### PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court grant it the following relief:

(1)     Judgment awarding the Insureds under the USHFCC Policies all damages they have suffered due to Scottsdale's breach of contract under the USHFCC Policies;

(2)     Judgment awarding the Insureds under the Global Policy all damages they have suffered due to Scottsdale's breach of contract under the Global Policy;

(3)     Judgment awarding Plaintiffs all compensatory damages caused by Scottsdale's tortious breach of the implied covenant of good faith and fair dealing under USHFCC Policies and the Global Policy, punitive damages, emotional distress, and attorneys' fees;

(4)     A judicial declaration stating that (a) that because of Scottsdale's denial of coverage, Scottsdale is not entitled to control the defense of the Alabama Lawsuit; (b) that because of Scottsdale's denial of coverage, Plaintiffs are no longer obligated to cooperate with Scottsdale in the defense of the Alabama Lawsuit; and (c) that because of Scottsdale's denial of coverage, Plaintiffs are not required to secure Scottsdale's consent before settling the Alabama Lawsuit, and (d) Plaintiffs are entitled to attorneys' fees;

(5)     Attorneys' fees;

(6)     Judgment awarding Plaintiffs pre-judgment and post-judgment interest in the amount allowed by law;

(7)     Judgment awarding Plaintiffs all costs of court; and

(8)     Any and all other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

*s/ James E. Arnold*
James E. Arnold, *Trial Attorney*      (0037712)

JAMES E. ARNOLD & ASSOCIATES, LPA
115 West Main Street, 4th Floor
Columbus, Ohio 43215
Tel: (614) 460-1600
Email: jarnold@arnlaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable herein.


_s/ James E. Arnold_____
James E. Arnold